IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-00744-BNB

MAY 5 – 2006

EDMUND LLOYD HERRERA,

GREGORY C. LANGHAM
CLERK

      Applicant,

v.

JOE ORTIZ,
ROBERT KURTZ, and
JOHN SUTHERS,

      Respondents.

---

## ORDER TO AMEND AND TO SHOW CAUSE

---

Applicant Edmund Lloyd Herrera is in the custody of the Colorado Department of Corrections and currently is housed at the Huerfano County Correctional Center in Walsenburg, Colorado.  Mr. Herrera has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The Court must construe the Application liberally, because Mr. Herrera is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Herrera will be ordered to amend the Application and to show cause why the Application should not be denied.

Mr. Herrera is challenging the validity of his June 1988 conviction in the Jefferson County District Court.  Applicant asserts that he was found guilty in a jury trial of six felony counts of aggravated robbery, one count of menacing, and six counts of

violent crime and was sentenced to a total of seventy-two years of incarceration. Mr. Herrera raises three claims in the instant action, including, (1) that the trial court failed to provide constitutionally essential jury instructions, (2) that the prosecution used peremptory challenges to discriminate against Applicant by striking Hispanics from the petit jury, and (3) that his trial counsel was ineffective.

The Court has reviewed the Application and finds that it is deficient. The purpose of a § 2241 action is to challenge the execution of a sentence, not the validity of a conviction and sentence, which is the purpose of an action pursuant to 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Mr. Herrera is challenging his conviction. Therefore, the instant action more properly is brought pursuant to 28 U.S.C. § 2254.

Furthermore, based upon the information Mr. Herrera has provided in the Application, it appears that not only has he failed to exhaust his state-court remedies, but that the Application also may be time-barred. Mr. Herrera alleges that he appealed his conviction and that his writ of certiorari in the appeal was denied by the Colorado State Supreme Court. Nonetheless, Mr. Herrera also states that the claims he raises in the instant action were presented to the Colorado Supreme Court in a writ of habeas corpus filed pursuant to Colo. Rev. Stat. § 13-45-101. He further asserts that the writ of habeas corpus was filed on January 20, 2006, and denied on January 24, 2006.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.  "The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, if Mr. Herrera has presented his claims only in a petition for an extraordinary writ, which it appears that he has, he has failed to exhaust state remedies because he has not presented the claim to the Colorado Supreme Court fairly.  If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).

The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ.  "We have repeatedly held that this court will not exercise original jurisdiction when the question may be properly submitted and determined and the rights of the petitioner fully protected and

3

enforced, in the lower court." *Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).

Therefore, Mr. Herrera will be ordered to show cause why the Application should not be

denied for failure to exhaust state-court remedies.

Furthermore, it appears that the Application may be denied as time-barred.

Pursuant to 28 U.S.C. § 2244(d), a one-year limitation period applies to the instant

action.  Section 2244(d) specifically provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of—
>
>> (A)  the date on which the judgment became
>> final by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing
>> an application created by State action in
>> violation of the Constitution or laws of the
>> United States is removed, if the applicant was
>> prevented from filing  by such State action;
>>
>> (C)  the date on which the constitutional right
>> asserted was initially recognized by the
>> Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral
>> review; or
>>
>> (D)  the date on which the factual predicate of
>> the claim or claims presented could have been
>> discovered through the exercise of due
>> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be

counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

Without knowing the dates that Applicant's conviction was affirmed on direct

appeal, the Court is not able to determine when the one-year limitation period began to

run.  Therefore, Mr. Herrera will be ordered to show cause why the Application should

not be denied as barred by the one-year limitation period.  In his response, Mr. Herrera

should provide any information that might be relevant to the one-year limitation period,

including information relevant to the possibility of equitable tolling.

The one-year statute of limitations may be equitably tolled, but only "when an

inmate diligently pursues his claims and demonstrates that the failure to timely file was

caused by extraordinary circumstances beyond his control." **Marsh v. Soares**, 223

F.3d 1217, 1220 (10th Cir. 2000).  Mr. Herrera has the burden of demonstrating that

equitable tolling should apply.  **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998).

Accordingly, it is

ORDERED that Mr. Herrera file **within thirty (30) days from the date of this**

**Order** an Amended Application that complies with this Order.  It is

FURTHER ORDERED that Mr. Herrera's Amended Application shall be titled,

"Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and

shall be filed with the Clerk of the Court for the United States District Court for the

District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street,

Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Herrera, together with a copy of this Order, two copies of the following form for use in filing the Amended Application:  Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that if Mr. Herrera fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice.

DATED May 5, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-00744-BNB

Edmund L. Herrera
Reg. No. 76006
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on ___5.5.06___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk